## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IBRAHIM SHNEWER,<br><br>Petitioner,<br><br>v.<br><br>JOHN TSOUKARIS et al.,<br><br>Respondents. | Civil Action No. 13-5659 (SRC)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon the Clerk's receipt of Petitioner's application ("Petition") requesting emergent stay of his removal from the United States. See Docket Entry No. 1, at 1. The Petition asserts that:

1. Petitioner, a citizen of Jordan, entered the United States on a tourist visa in 1987. See id. at 2. Petitioner maintains that, upon expiration of that visa, Petitioner sought permanent residency in this country on several occasions, but each of his attempts was unsuccessful. See id. Thereafter, Petitioner sought asylum in the United States, but that request was also unsuccessful. He was then placed in removal proceedings, along with his wife and son.

2. On October 28, 1998, Petitioner left the United States, was paroled into the country and placed in exclusion proceedings.[1] See id. at 2-3. While those exclusion proceedings were in progress, Petitioner's spouse received a cancellation of removal and was naturalized; according to the Petitioner, she

---

[1] Exclusion proceedings are somewhat similar to removal proceedings, albeit they differ in terms of the burden of proof, custody and available relief. See http://www.justice.gov/eoir/vll/OCIJPracManual/Chap%207.pdf, at 106.

sought adjustment of his legal status. See id. at 3. However, the application for adjustment of status was denied, and Petitioner was placed in removal proceedings anew. See id.

3. For reasons not detailed in the Petition, that second round of removal proceedings was "presumably" terminated in 2009 by an immigration judge. Id. Shortly thereafter, however, the exclusion proceedings were reinstated. See id. Petitioner re-applied for adjustment of status in 2012, but that application was dismissed on September 16, 2013. See id.

4. Petitioner was taken into custody on a date unspecified in the Petition based on an outstanding order of removal from circa 1993. Petitioner asserts that he was not given a copy of the removal order. See id.

5. In this action, Petitioner seeks a declaration that his removal from the United States would be illegal. He also seeks an order granting him adjustment of his status so he may remain in the United States. In addition, he seeks immediate release from custody. See id. at 4-5.

6. To the extent Petitioner challenges his upcoming removal, seeks a stay or other delay of that removal, or challenges the decisions denying him adjustment of his legal status, this Court is without subject matter jurisdiction to hear these claims. Section 1252(g), as amended by the REAL ID Act, Pub L. No. 109-13, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to [(a)] commence proceedings, [(b)] adjudicate cases, or [(c)] execute

removal orders.'"[2] Chehazeh v. Att'y Gen., 666 F.3d 118, 134 (3d Cir. 2012) (quoting Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). Thus, if Petitioner's immigration judge issued an order of removal (or an order of exclusion, or a decision as to Petitioner's status adjustment leading to Petitioner's removal or exclusion), and such order became administratively final either upon affirmance by the Board of Immigration Appeals ("BIA") or upon expiration of time to so appeal, Petitioner's challenges to the order or decision could be entertained only by the Court of Appeals, not this Court. See REAL ID Act, 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act"). Correspondingly, all Petitioner's challenges of such a nature will be dismissed with prejudice for lack of jurisdiction.

7. Generally, where a habeas application is filed in a wrong venue or with a court that lacks jurisdiction, the filing court may direct transfer of that application to the appropriate forum if such transfer is in "furtherance of justice." Accord 8 U.S.C. § 1252(a)(5) and 28 U.S.C. §§ 1631, 2241(d). Here, however, such transfer is not appropriate since this Court cannot construe the Petition as a petition for review because the statements made in the Petition do not allow this Court to determine whether Petitioner's removal order has been finalized. See Alcantara

---

[2] These modifications "limit[ed] all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005) (citing H.R. Conf. Rep. No. 109-72, at 173-75 (2005)).

v. AG of the United States, No. 08-3978, 2009 U.S. App. LEXIS 11952 (3d Cir. Jan. 26, 2009) (where the district court construed, out of an abundance of caution, a petitioner's "petition for a declaratory writ of U.S. citizenship" as a petition for review and, while "noting some uncertainty regarding [the petitioner's] situation," directed transfer to the Court of Appeals, the Court of Appeals remanded the proceedings to the district court noting that, "[b]ecause no final order of removal has been entered against [the petitioner,] there was no statutory basis for the District Court to transfer his petition to us to be treated as a petition for review"). Therefore, no transfer will be directed. However, this Court's determination as to the propriety of transfer shall not be construed as barring Petitioner from filing a timely petition for review with the Court of Appeals on Petitioner's own in the event his removal order has been finalized.[3]

8.   To the extent Petitioner's application could be construed as a Section 2241 habeas application seeking immediate release under Zadvydas v. Davis, 533 U.S. 678 (2001), such application will be denied without prejudice to filing a new habeas petition properly asserting Petitioner's grounds for relief.

9.   Alternatively, to the extent the Petition could be construed as a Section 2241 application by a pre-removal-order alien detainee, the Petition will be denied without prejudice to filing a new application properly asserting Petitioner's grounds for relief and seeking the appropriate remedy. See Diop v. ICE/ Homeland Sec., 656 F.3d 221, 230-31 (3d Cir. 2011); see also Harris v. Herrey,

---

[3] An immigration judge's order of removal becomes "final upon the earlier of- (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals [('BIA')]." 8 U.S.C. § 1101(a)(47)(B); see also United States v. Calderon-Minchola, 351 F. App'x 610, 611 n. 1 (3d Cir. 2009).

No. 13-4365, 2013 U.S. Dist. LEXIS 104841, at *5 n.3 (D.N.J. July 26, 2013) ("A district court's power to entertain habeas applications which -- with respect to the claims raised by pre-removal-order alien detainees -- allows relief limited to a directive of a bond hearing as opposed to an order of release") (citations, original brackets and ellipses omitted).

10. For the foregoing reasons, the Petition will be denied for lack of jurisdiction with regard to Petitioner's instant challenges to his removal. To the extent Petitioner intended to raise habeas challenges, he may raise those claims, if any, by means of a new and separate Section 2241 application. An appropriate Order follows.[4]

STANLEY R. CHESLER
United States District Judge

Dated: 10/9/13

---

[4] Petitioner's filing of the Section 2241 Petition was followed by appearance of his counsel, Steven S. Vosbikian, Esq. See Docket Entry No. 2. Mr. Vosbikian moved this Court for pro hac vice admission, asserting that he is a member in good standing of the New Jersey Bar. See Docket Entry No. 2-1. The Court, therefore, presumes that Mr. Vosbikian is not admitted to practice in this District and will grant that motion, directing the Clerk to execute service on Mr. Vosbikian in his capacity as Petitioner's counsel.